The Chief Justice
delivered the opinion of the court.
This was an action of debt brought by the defendants in error against the plaintiffs in error, upon a bond executed by the latter to the former, as the executors'of Charles Ha-iderig, deceased, conditioned to pay to them 1125, whenever the said Charles Hazlerig’s heirs, executors or administrators, or any of them, should convey to the plaintiff in error, Evan Francis, a clear indisputable title by a general warranty deed in fee simple, to all of a certain tract of land therein described. The declaration avers that the defendants in error conveyed to the said Evan Francis a clear .and indisputable title by a deed with general waranty in fee simple to all the land in the bond mentioned, and alleges a breach on the part of the ulaintiffs in error, in failing to pay the Í125.
The plaintiffs in error pleaded in substance&emdash;I, That the defendants in error had not conveyed to the said Evan Francis a clear and indisputable title to the land in the bond described. 2. That neither the testator in his life, nor the defendants in error, had a clear and indisputable title to the said land. 3. That the defendants in error had not «endered a good,' sufficient and indisputable deed for the land, because a certain Hickman’s military claim interferes with a part thereof, and is superior and better. 4. That the deed made by the defendants in error does not include all the land.
Upon all these pleas issues were joined, on the trial of which several bills of exceptions were filed by the plaintiff in error, and a verdict and judgment haying been given against them, in the circuit court, they have brought the cause to this court by writ of error with supersedeas.
The errors assigned, question, as well the sufficiency of the declaration, as the correctness of the'decision of the court below, as stated in the several bills of exception. The objections taken to the declaration, are, 1st. That there ought to have been an averment that the defendants in error had authority to convey; and 2dly. That they ought to have made'profert of the deed of conveyance which they allege they made.
Neither of these objections can be sustained. With re- *94 gpeei to the first, it may be remarked, that the averment *^at Bie defendants in error had conveyed a clear and indi§-putable title, necessarily implies that they had the power or the right to do so, and under that allegation it was incumbent upon them to prove, either that they had a c^ear an(^ indisputable title in themselves, or that they had the power in right of their testator to convey such a title: so that in truth the averment, the want of whieb is objected *s *n substance contained in the declaration,
. The omis-vevmentUiat the vendor was “posses-indisputable* title,” is cur-eel by an aver-jnenuiiatthe “conveyed a c!ear indis-Se^u^in' substantially the same a-yermen*
averring” he bed made a deed, reed t^the custody of a deed be-⅛⅞the veri dee.
When a profert is ne-mission*must be taken ad-vAr>tage of bemre ver-
Ths ancient rule was,that 'íions were denceagaisst a compu:—
tute U differ-mt. I’eafet-’s 1 4 ec*as~ 5ted,'e Cai>tS |*‘A bib and decree is.suf-⅜°⅜⅛ ¡umi describ-f'l in a bond, decree, without shewing-cord^Onl" much of a record need be ^hewn as pointTnques' tion.
*94 As to the second objection it is sufficient to observe, that as the deed is alleged to have been made by the defendants jn error t0 Francis, the possession of the deed belonged to him; and ¡t is a settled rule, that a party who is not enti-tied to the possession of a deed, need not, in pleading, make P.r0^ert **• Besides, if profert had been necessary, as Bie objection is not taken till after verdict, the defect' would have been cured by thé statute of jeo fails,
- The points arising out of the bills of exception, we will notjce in the order in which they occurred in the court below.
The first bill of exception, questions the propriety of ad-mbting as evidence, a bill and decree in a suit in chancery, in which the plaintiff in error (Francis) was complainant, and the defendant in error and others were defendants. °fy)ec<: of reading the bill and decree, as evidence, was prove, that the land conveyed by the defendants in error and that which they had contracted to convey, was the same, and it is not pretended that the bill and deefee, they were admissible, did not conduce to the establishment of the fact; but it is contended, that the bill was inadmissible, because the allegation of a bill being in general the mere suggestions of counsel, cannot be taken as true against the complainant, and that the bill and decree were inadmissible, because the whole record was not produced. anciently a bill in chancery was held to be evi-as an admission of facts against the complainant, yet the modem rule is otherwise, and for the reason suggested ¡.j,, counsel for the plaintiff in error; but neither the ?ule nor the reason ot the rule is applicable to this case, For the bill was not offered alone, but in conjunction with decree; and as the decree is for the land described in Bic latter was proper to be used, not as an admission of the fact it contains, but as explanatory of the de~ cree. The objection that the whole record ought to have *95 The gener-been produced, is equally without foundation. al rule on this subject is, that the whole of the record which 'concerns the matter in question, should be produced; and as the bill and decree was all that was necessary to shew the identity of the land conveyed, and that which the defendant in error had contracted to convey, it was evidently not incumbent upon them to produce any other part of the record. We perceive no error, therefore, in the court’s permitting the bill and decree to be read as evidence, for the purpose they were produced.
In a suit on ditioned C°to convey “a clear and in-ofajuniorpa-tent on tte '1o'1td¿esho^f ved to shew incapacity in ^eC0P°^llp‘°‘r C01lvey‘
bond the'evi-denee to ®be«v i^caps-beysuchas will shew an°tbe'‘ Í^confroveíít-the title. On such
The second bill of exception is taken to the refusal the court below to permit the plaintiffs in error to read, as evidence, a notice given by them to the defendants in error of the pendency of an ejectment, brought upon a patent younger than the one under which the defendants in error derived title. This evidence was clearly inadmissible, unless an interference by a junior patent with the land conveyed by the defendants in error, would be evidence of their inability to comply with their contract to convey a clear and indisputable title. This depends upon what should be considered, according to the true construction of the contract, a clear and indisputable title. A clear title is one which is not doubtful; and most certainly the mere existence of an interference with a junior patent, cannot render doubtful a title derived under an elder patent. An indisputable title is one which, according to the literal import of the term, cannot be disputed. It may, perhaps, be said, without a violation of propriety in language, that a title may be disputed wrongfully as well as rightfully; but latter is,withoul doubt, the true sense of the contract. A different construction would render it impossible to perform the contract, for there can be no title which may not be wrongfully disputed. It follows, therefore, as the junior patent confers no legal right to dispute the title derived under an elder patent, that the latter, notwithstanding the interference will be (in the true sense of the term) indisputable, consequently evidence of such interference does not tend to shew that the defendants in error were unable to perform their contract, and was properly rejected by the ceurt below.
_ The .third bill of exception is taken to the refusal of the court to permit to be read as evidence, a bond and purporting to be executed by the defendants in error.
ThoUgh there are several grounds upon which these pa- *96 pcrg ought lo have been rejected, it is sufficient to remark’, as their execution was not proved, the court below were, on that ground alone, justifiable in rejecting them.
A pap*r fSíbondex" rented by a pllif. ought edVy a deft" vithoutpreof of its execu-
petition for a rehear-⅜ in a 'UreenUlt the same parties, is not evidence for the 5
er¡. dence may b* introduc’d to s!boundaries of land to be variant from fortín c»"p»! tent ordeed: vide printed decisions, Co»-hiU’s dé visees, Has. 5S9: Law!»⅜ ⅛.’iones.
The fourth bill of exception is taken to the refusal of j[,e court to permit the plaintiffs in error to read, as evidence, a petition filed bj Francis for a rehearing, in the suit alluded to in the first bill of exception,
The petition was, no doubt, properly rejected. Being R°thing but the statements of one of the plaintiffs in error, to have received it as evidence, would be permitting hirii to fabricate evidence for himself.
fifth bill of exception was taken to the refusal of the court to instruct the jury — 1st, that parol evidence could be admitted to prove the boundaries of the land, var'an^ h°m the courses described in the deed — and 2dly, that the jury should be of opinion, from the evidence, that there were other claims interfering with the land deeded {0 the plaintiffs in error, the law was for them. That the court decided correctly in refusing to give the first of these instructions, there is no doubt. For it has been repeatedly decided by this court, that the artificiál or natural bounda-r‘es described in a grant or deed of land, though variant from the distances or courses called for, nevertheless constitute, if sufficiently identified, the true boundaries of the lract> and these, when variant; from the courses or distances, can, inmost cases, only be identified by parol evi - dence.
equally clear, that the second instructions could noi hove been correctly given. These instructions were predicated, not upon the existence of interfering claims under ei^er Patents only, but upon the existence of interferri.ng claims generally. If, therefore, the existence of an interference, whether it was under a junior or elder patent^ would not have justified the instructions, the court was correct in withholding them from the jury, and that an interference by a junior patent, would not have justified giving the instructions, follows as a necessary consequence, from the consideration we have before given to the contract in this case, for according to that construction, such an interference could not have disabled the defendants in error frOrn conveying such a title as they had stipulated to convey.
The sixth and last bill of exception, questions the propriety of admitting as evidence, the will of the testator of *97 Ihe defendants in error, on the ground, that it did not au-thorise them to convey the land. This objection most clearly cannot be sustained; for whether the will did or did not authorise the defendants in error to convey the land, is wholly immaterial., The contract was made with them, and not with their testator, and they shew a regular derivation of title from the patentee to themselves; so that independent of any authority derived from the will, they had the power to convey, and by the very terms of, the contract, their conveyance is a fulfilment of it on their part.
Bibb for plaintiff in error, Hardin contra.
Judgment affirmed with costs and damages.